UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IHNATSI BAKSHTA, | No. 1:26-cv-01796-DJC-SCR |
| Petitioner, | |
| v. | ORDER |
| CHRISTOPHER CHESTNUT, et al., | |
| Respondents. | |

Petitioner filed a Petition for Writ of Habeas Corpus that is full briefed. (Pet. (ECF No. 1); Response (ECF No. 9); Traverse (ECF No. 10).) Petitioner has now also filed a Motion for Temporary Restraining Order in which Petitioner alternatively request a final ruling on the merits of the Petition. (*See* Mot. (ECF No. 11).) The Court will rule on the underlying Petition, considering the arguments raised in the Motion.

Petitioner is a noncitizen from Belarus who has resided in the United States since 2022. (Pet. ¶ 12.) Petitioner originally entered the united states on a B-2 visitor visa that expired. (Response at 1.) On November 14, 2025, Petitioner was taken into the custody of Immigration and Customs Enforcement ("ICE"). (Pet. ¶ 14.) Petitioner has remained in ICE custody since.

Petitioner seeks release from ICE custody on the basis that his re-detention violated due process. It is undisputed by the parties that Petitioner is detained

pursuant to 8 U.S.C. § 1226(a).  (*See* Pet. ¶¶ 17–22; Response at 1–2.)  On that basis, Petitioner received a bond hearing before and Immigration Judge where bond was denied and he was ordered detained as a danger to the community and a flight risk. (*See* ECF No. 9-1.)  As it is undisputed that Petitioner received a bond hearing – the process afforded to him by section 1226 – Petitioner has not supported his claim that his re-detention violated due process.

Petitioner also contests the determination of the immigration judge as an abuse of discretion on the basis that the Judge did not apply the correct legal standard and require that the Government "danger or flight risk by clear and convincing evidence[.]"  (Pet ¶ 30.)  However, the Ninth Circuit has been clear that where review is conducted pursuant to section 1226(a), the Petitioner bears the burden to demonstrate by preponderance of the evidence that he is not a danger to the community at large or a risk of flight.  *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).  Thus, Petitioner's is incorrect that the Immigration Judge's failure to hold the Government to a burden of clear and convicting evidence was in error.[1]

Petitioner also raises claims regarding the conditions of his confinement.  While the Court is sympathetic to the concerns raised regarding the adequacy of medical care and other conditions of confinement, these claims do not sound in habeas.  As such, they do not form a basis for habeas relief.

In his motion, Petitioner also raises that "[his] current detention is unlawful because he is prima facie eligible for 'U' Visa."  (Mot. at 3.)  However, Petitioner's prima facie eligibility for a U Visa does not entitle him to any status and there is no indication that Petitioner has received a bona fide determination and employment authorization that would entitle him to deferred action.  As such, this also does not form a basis for relief.

---

[1] To the extent Petitioner raises other arguments as to the adequacy of bond hearing based on "speculation" and "unsupported allegations", Petitioner has not met his burden to establish the Immigration Judge abused their discretion in determining Petitioner failed to meet his burden to establish by preponderance of the evidence that he was not a danger or risk of flight.

Accordingly, and for the reasons previously stated, the Court finds that the Petition does not state a claim for relief on the grounds stated above or any other basis.  Accordingly, Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED.[2]  The Clerk of the Court is directed to close this action.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **June 3, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[2] The Petition is denied without prejudice to Petitioner seeking relief on the basis that Petitioner's detention has become prolonged or should a new basis for relief arise.

3